JANICE P. KIM #3436
Kaimuki Business Plaza
3615 Harding Avenue, Suite 206
Honolulu, Hawaii 96816
Telephone No. 808-732-0522
Facsimile No. 808-735-0459

**Electronically Filed
FIRST CIRCUIT
1CCV-20-0000194
12-MAY-2020
01:02 PM**

Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| EVELYN A. EVANS, | ) Civil No. <u>1CCV-20-0000194</u> |
| Plaintiff, | ) (Non-Motor Vehicle Tort) |
| vs. | ) <u>AMENDED</u> |
| SAFEWAY STORES, INCORPORATED; <u>AKA SAFEWAY INC.</u>; JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE LIMITED PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and DOE GOVERNMENTAL ENTITIES 1-10; | ) COMPLAINT; SUMMONS |
| Defendants. | ) |

<u>AMENDED COMPLAINT</u>

COMES NOW Plaintiff EVELYN A. EVANS, by and through her attorneys, JANICE P. KIM, and for causes of action against Defendants above-named alleges and avers as follows:

1. At all times relevant hereto, Plaintiff EVELYN A. EVANS was and is a resident of the City and County of Honolulu, State of Hawaii.

# EXHIBIT A

2. At all times relevant hereto, Defendant SAFEWAY STORES INCORPORATED AKA SAFEWAY INC. ("Defendant SAFEWAY") was a foreign Profit corporation, doing business in Honolulu, City and County of Honolulu, State of Hawaii and is subject to the jurisdiction of this Court.

3. Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE LIMITED PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10, DOE ENTITIES 1-10 and DOE GOVERNMENTAL ENTITIES 1-10 are sued under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff, except that they may be connected in some manner with the named Defendant and are agents, servants, employees, employers, representatives, co-venturers, associates, vendors, suppliers, manufacturers, subcontractors or contractors of the named Defendant and/or were in some manner not presently known to Plaintiff engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to Plaintiff, which negligence was a legal cause of injury or damage to Plaintiff, and/or conducted some activity in a negligent or dangerous manner, which negligent or dangerous conduct was a legal cause of injury or damage to Plaintiff, and/or were in some manner related to the named Defendant; and that their true names, identities, capacities, activities and/or responsibilities are presently unknown to Plaintiff or her attorneys. The names and addresses of such unknown Defendants will be supplied by amendments pursuant to H.R.C.P. Rule 17(d) as

they become known to Plaintiff.

4. All events material to this Complaint occurred within the City and County of Honolulu, and within the jurisdiction of the Circuit Court of the First Circuit, State of Hawaii.

5. The Defendants and each of them are joint tortfeasors, and are jointly and severally liable to Plaintiff.

## COUNT I - NEGLIGENCE

6. On or about August 20, 2018, Plaintiff EVELYN A. EVANS ("Plaintiff") was a guest/customer at the Defendant SAFEWAY in Kapolei, City and County of Honolulu, aforesaid, when she sustained injuries to her body after slipping and falling on liquid on the floor from what, upon information and belief, appeared to be from chicken and/or packaging in the chicken section.

7. At all times relevant hereto, Defendant SAFEWAY, its agents and/or its employees knew or should have known that other liquid substances on the floor surfaces of exposed guests/customers at the Safeway Store created a dangerous condition which posed an unreasonable risk of harm to its guests/customers walking on said floors.

8. Defendant SAFEWAY, its agents and/or its employees owed a duty to its customers at the Safeway Store to keep and maintain the exposed floors of its store in a clean and safe condition for said guests/customers; to properly supervise the exposed floors at the Safeway Store for the safety of its guests/customers; and to warn said guests/customers of dangerous conditions existing on

5-29-2020    L16122580001    6020200529031180

the floor surfaces of the exposed floors of its store which Defendant SAFEWAY, its agents and/or its employees knew or should have known.

9. At all times relevant hereto, Defendant SAFEWAY, its agents and/or its employees failed and neglected to keep and maintain the floors of its store at the Safeway Store in a clean and safe condition for the use of its guests/customers; was negligent in failing and neglecting to properly supervise said floors for the safety of its guests/customers; and was negligent in failing to warn said guests/customers of dangerous conditions on said floors which Defendant SAFEWAY, its agents and/or its employees knew or should have known.

10. At all times relevant hereto, Defendant SAFEWAY is vicariously liable for the negligence of its agents and employees who were acting in the course and scope of their duties under the doctrine of *respondeat superior*.

11. As a direct and proximate result of the negligence of Defendant SAFEWAY and/or that of its agents and employees, Plaintiff sustained injuries to her body, suffered and continues to suffer from great pain of body and mind and loss of enjoyment of life, incurred and can reasonably expect to incur medical and other expenses for treatment of her injuries, and sustained and continues to sustain a loss of earnings, all in an amount as will be shown at the trial hereof.

12. Defendants and each of them were negligent in allowing such a dangerous condition exist during business hours when it

was foreseeable that its premises would be frequented by guests/customers, including Plaintiff EVANS.

13. The negligence of Defendants and each of them as set forth herein was a substantial cause of Plaintiff EVANS suffering and continuing to suffer bodily injuries.

14. As a result of the negligence of Defendants and each of them Plaintiff EVANS suffered, and will continue to suffer, extreme pain, mental anguish, and loss of enjoyment of life.

15. By reason of the premises, Plaintiff seeks special and general damages in an amount which shall be proven at trial.

## COUNT II - FAILURE TO MAINTAIN

16. Plaintiff re-alleges and incorporates herein by reference all of the allegations contained in the previous paragraphs.

17. Defendants and each of them were responsible for the maintenance and upkeep of Defendant SAFEWAY's premises, including the walking surface inside Defendant SAFEWAY's premises.

18. Defendants and each of them were aware, or should have been aware, that liquid was left on the floor, which created an unreasonably slippery and hazardous condition for Defendant SAFEWAY'S guests/customers.

19. Defendants and each of them breached their duty to maintain its premises in a reasonable and safe condition for Defendant SAFEWAY's guests/customers.

20. Defendants and each of their failure to maintain was a substantial factor in causing Plaintiff EVANS' injuries.

-5-

## COUNT III - IMPLIED WARRANTY

21. Plaintiff re-alleges and incorporates herein by reference all of the allegations contained in the previous paragraphs.

22. Defendants and each of them warranted to members of the public, including Plaintiff EVANS, that its floors were safe and free of hazardous conditions.

23. Plaintiff EVANS, in reliance upon said warrant, while shopping in Defendant SAFEWAY's premises in the Kapolei store.

24. Defendants and each of them breached their implied warranty by not placing signs, or other warning devices in the chicken section, allowing the area to become unreasonably slippery and dangerous, and permitting members of the public, including Plaintiff EVANS, to have access to the slippery area.

25. Defendants and each of them of their breach of its implied warranty was a substantial cause of the injuries suffered by Plaintiff EVANS.

## COUNT IV - FAILURE TO WARN

26. Plaintiff re-alleges and incorporates herein by reference all of the allegations contained in the previous paragraphs.

27. Defendants and each of them failed to warn Plaintiff EVANS, through signs, verbally or otherwise of the hazardous condition.

28. Defendants and each of their failure to warn Plaintiff EVAN of the hazardous condition was a substantial factor in

-6-

causing her injuries.

WHEREFORE, Plaintiff prays for judgment against Defendants above-named, jointly and severally, as follows:

1. For special and general damages in an amount as will be proven at the time of trial.

2. For prejudgment interest from the date of the incident which is the subject matter of the Complaint.

3. For her costs of suit.

4. For such other and further relief as the Court deems just in the premises.

DATED: Honolulu, Hawaii, _____May 12, 2020_____.

/s/ JANICE P. KIM
JANICE P. KIM
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| EVELYN A. EVANS, ) | CIVIL NO. 1CCV-20-0000194 |
| ) | |
| Plaintiff, ) | (other non-vehicle tort) |
| ) | |
| vs. ) | |
| ) | |
| SAFEWAY STORES, INCORPORATED; ) | |
| AKA SAFEWAY INC.; ) | |
| JOHN DOES 1-10; JANE DOES ) | |
| 1-10; DOE PARTNERSHIPS 1-10; ) | SUMMONS |
| DOE LIMITED PARTNERSHIPS 1-10;) | |
| DOE JOINT VENTURES 1-10; ) | |
| DOE CORPORATIONS 1-10; DOE ) | |
| DOE ENTITIES 1-10; and DOE ) | |
| GOVERNMENTAL ENTITIES 1-10 ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Electronically Filed
FIRST CIRCUIT
1CCV-20-0000194
17-MAY-2020
08:56 PM**

## SUMMONS

STATE OF HAWAII

To the above-named Defendants:

You are hereby summoned and required to file with the court and serve upon Janice P. Kim, Plaintiff's attorney, whose address is Kaimuki Business Plaza, 3615 Harding Avenue, Suite 206, Honolulu, Hawaii 96816-3760, an answer to the Amended Complaint which is herewith served upon you, with twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Amended Complaint.

This Summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawaii, _____5/17/2020_____.

/S/ P. NAKAMOTO 

CLERK OF THE ABOVE ENTITLED COURT

-2-